**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **HOWARD JOHNSON INTERNATIONAL, INC.,** | : | |
| Plaintiff, | : | Civil Action No. 11-3438 (JLL) |
| v. | : | |
| **KIL SU KIM, ET AL.,** | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

**HAMMER, United States Magistrate Judge**

**I.   INTRODUCTION**

This matter comes before the Court on the plaintiff's motions to strike the Answer and Counterclaim and to enter Default Judgment [ECF No. 26] for failing to obey Court orders and participate in discovery, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 16(f).[1] The Honorable Jose L. Linares, United States District Judge, referred the motion to the Undersigned for Report and Recommendation. Defendants did not oppose or otherwise respond to the motion, despite plaintiff having served the application on defendants at both their address of record and another address that plaintiff believes the defendants have used. Certificate of

---

[1] Plaintiff's notice of motion references only Fed. R. Civ. 55(b), while the accompanying brief discusses Rules 37 and 16. Rule 55 can serve as a separate basis for imposing default and default judgment as a sanction. See Hoxworth v. Blinder Robinson & Co., Inc., 980 F.2d 912, 916–922 (3d Cir. 1992) (discussing default under Rule 55 and default as sanction.). Because plaintiff's brief seeks sanctions under Rules 37 and 16, the Court has analyzed plaintiff's motion accordingly. However, the Court applies Rule 55(b) in the context of determining damages.

Service, ECF No. 26.  The Court considered this motion without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, the Undersigned recommends that the motions be granted.

## II.     BACKGROUND

### A.     Factual Background and Procedural History

On March 8, 2009, the parties entered into a Franchise Agreement.  Compl. ¶ 8, June 14, 2011, ECF No. 1.  On November 8, 2010, the defendants allegedly unilaterally terminated the agreement.  Id. ¶ 24.  The plaintiffs seek liquidated damages for premature termination, unpaid "recurring fees," prejudgment interest, attorney's fees, and costs of suit.  On July 11, 2011, the defendants filed an Answer and Counterclaim.  Answer & Countercl., July 11, 2011, ECF No. 4.  On July 22, 2011, the plaintiff filed an Answer to the Counterclaim.  Answer to Countercl., July 22, 2011, ECF No. 7.

From September 2011 to February 2012, the defendants failed to respond to a series of orders and notices attempting to schedule a pretrial scheduling conference pursuant to the Rule 16 of the Federal Rules of Civil Procedure.  On September 9, 2011, the Court issued a Letter Order setting a date for a pretrial scheduling conference to be held on October 31, 2011.  Letter Order, Sept. 9, 2011, ECF No. 8.  The Letter Order was mailed to the defendants and returned as undeliverable.  See Mail Returned as Undeliverable, filed Sept. 27, 2011, ECF No. 9.  On November 1, 2011, the Court rescheduled the conference to December 9, 2011 and directed that plaintiff's counsel mail a copy of the order to the defendants by both overnight mail and certified mail.  Order, dated Nov. 1, 2011, ECF No. 11.  The Court noted that the defendants had not participated in the joint discovery plan and advised the defendants that they must notify the Court

of any change in address pursuant to Local Civil Rule 10.1(a). Id. On December 8, 2011, with no word from the defendants, the Court rescheduled the conference to February 10, 2012. Text Entry, Dec. 8, 2011. On January 5, 2012, the Court again directed the plaintiff's counsel to provide notice to the defendants of the scheduling conference by both overnight mail and certified mail. Text Order, Jan. 5, 2012, ECF No. 12. On February 2, 2012, the Court rescheduled the conference to February 29, 2012, and mailed notices to the defendants, but the notices were returned as undeliverable. See Text Entry, Feb. 2, 2012; Mail Returned as Undeliverable, filed Mar. 2, 2012, ECF Nos. 17–18. The Court ordered the parties to submit a joint discovery plan, see Remark, Feb. 6, 2012, and the mailing of this order was returned to Court as undeliverable to the defendants. See Mail Returned as Undeliverable, filed Mar. 2, 2012, ECF Nos. 15–16.

On February 27, 2012, the plaintiff filed a letter with a discovery plan but explained that the plan was not joint because the defendants had not responded to repeated attempts to contact them. Pl.'s Letter, filed Feb. 27, 2012, ECF No. 13. The plaintiffs also stated that the defendants were forwarded a copy of the order by overnight and certified mail. Id. The plaintiff also sent letters advising the defendants of the repeated rescheduling of the pretrial scheduling conferences. Id.

On February 29, 2012, the Court held a pretrial scheduling conference, for which defendants failed to appear. Pretrial Sched. Order, Feb. 29, 2012, ECF No. 14. The Court directed that the defendants update their addresses and explain their failure to defend by March 14, 2012 or risk the imposition of sanctions, including default. Id. The Pretrial Scheduling Order, as well as other mail to the defendants, was repeatedly returned as undeliverable. See

3

Mail Returned as Undeliverable, ECF Nos. 9, 15–20, 22, 25.

On May 25, 2012 the plaintiff requested permission to file the present motions to strike the Answer and Counterclaim and to enter Default Judgment for failing to obey Court orders and participate in discovery pursuant Federal Rules of Civil Procedure 37 and 16.  Pl.'s Letter, May 16, 2012, ECF No. 23.[2]  The Court granted permission to file such motions.  See Letter Order, May 22, 2012, ECF No. 24.  Plaintiff seeks: (1) $82,410.15 for unpaid recurring fees plus interest; (2) $111,855.91 for liquidated damages plus interest; and (3) $9,876.62 in attorneys' fees and costs.

### III.   DISCUSSION

#### A.   Default Judgment as Sanction

Federal Rule of Civil Procedure 37(b)(2)(A) provides, in pertinent part, that [if a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," which include "(iii) striking pleadings in whole or in part" and "(vi) rendering a default judgment against the disobedient party."  Relatedly, under Federal Rule 16(f)(1), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order."

---

[2] In the May 16, 2012 Letter, the plaintiff also noted that it had sent at least seven letters to the defendants to provide copies of the Court's orders to them and to request that the defendants participate in the preparation of the joint discovery plan.  Pl.'s Letter, May 16, 2012.  The plaintiff also stated that it had conducted a public records search, found a possible additional address for the defendants, and mailed the Pretrial Scheduling Order to this location as well.  Id.

When determining whether a sanction order appropriately deprives a party of the right to prosecute or defend a claim, the Third Circuit Court of Appeals has instructed courts to consider the six factors outlined in Paillasse v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), namely: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 919 (3d Cir. 1992) (applying the factors to a motion for default as a sanction). The Court must make factual findings for all these factors, but it is not necessary that all factors weigh in favor of default for such a sanction to be upheld. Id. (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

### 1. Personal Responsibility

As to the first factor, the defendants have proceeded pro se since they first appeared in this litigation and are therefore personally responsible for their conduct during it. See Hoxworth, 980 F.2d at 920 ("This is not a situation where we must allocate responsibility between the parties and their counsel."). The defendants had personal knowledge of this litigation given that they were served and filed an Answer and Counterclaim. See Executed Summons, filed July 14, 2011, ECF Nos. 5–6; Answer & Counterclaim, July 11, 2011, ECF No. 4. Accordingly, all the defendants' subsequent actions, such as failing to update their address, to respond to others orders and opposing counsel, and to appear before this Court, are attributable to the defendants themselves.

5

### 2. Prejudice to the Adversary

As to the second factor, the prejudice to the plaintiffs is clear as the defendants' non-responsiveness has caused the futile expenditure of time and costs to secure discovery responses and has stalled the prosecution of this case for many months. See Hoxworth, 908 F.2d at 920–21. The defendants' only contact with the Court occurred over a year ago, in July 2011, when the defendants filed their an Answer and Counterclaim. Since then, the plaintiff has been unable to proceed with its claims. To no avail, the plaintiffs have sent the defendants numerous letters on its own behalf or at the behest of the Court. See Ehnert Decl. ¶¶ 8, 10–11, Aug. 9, 2012, ECF No. 26-3. Because of the defendants' non-responsiveness, more than eight months have passed between the service of the Complaint and the initial pretrial scheduling conference. Moreover, the defendants have completely failed to respond to discovery requests. See id. ¶¶ 14–15, Ex. A. Accordingly, the record demonstrates that the defendants' conduct has prejudiced the plaintiff.

### 3. History of Dilatoriness

As to the third factor, for similar reasons as stated above, a history of dilatoriness exists given that the defendants have ignored or failed to comply with the Court's repeated directives to collaborate on the development of a joint discovery plan, to begin initial disclosures pursuant to Federal Rule of Civil Procedure 26, to appear before the Undersigned for a pretrial scheduling conference, and to respond to discovery requests. See Days Inns Worldwide, Inc. v. Al Noor Corp., Civ. No. 10-479, 2012 WL 715252, at *5 (D.N.J. Mar. 5, 2012).

### 4. Willfulness or Bad Faith

As to the fourth factor, the Undersigned must conclude that the defendants' failures have

been willful given their failures to respond and the lack of any evidence of excusable neglect. See id. at *2, 5. In their Answer, the defendants represented their address to be 16516 41st Place West, Lynnwood, Washington 98037. See Answer & Countercl. 1. The Court and the plaintiff began directing correspondence to this same address, but it has been continually returned. See Mail Returned as Undeliverable, ECF Nos. 9, 15–20, 22, 25. Notwithstanding Local Civil Rule 10.1 and orders of the Undersigned, the defendant has failed to update their addresses, thereby precluding further communication. The record shows that the defendants have made no effort to contact either the Court or defense counsel. On similar records, courts have found such non-compliance as willful. See, e.g., Days Inn, 2012 WL 715252, at *5 ("Defendants' initial, active participation in the proceedings, followed by a seven-month period of non-responsiveness, demonstrates Defendants' willful neglect."); Ramada Worldwide Inc. v. NPR Hospitality Inc., Civ. No. 06-4966, 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) ("The record shows that Defendants have failed to respond despite having received ample notice. In the absence of any explanation by Defendants, the Court considers their noncompliance as wilful.").

     5.     **Alternative Sanctions**

As to the fifth factor, nothing less than an extreme sanction would be effective here given that any alternative sanctions, such as monetary sanctions or the preclusion of evidence, would be futile given the defendants' complete failure to litigate this action. See Days Inn, 2012 WL 715252, at *3, *6; First Franklin Fin. Corp. v. Rainbow Mortgage Corp., Civ. No. 07-5440, 2010 WL 4923341, at *6 (D.N.J. Oct. 19, 2010); Ramada, 2008 WL 163641, at *4.

     6.     **Meritoriousness of the Claim or Defense**

As to the sixth factor, the Third Circuit has instructed that "[a] claim, or defense, will be

deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F2d at 869–70. A court, however, does not use a summary judgment standard, id. at 869, and need not "have a mini-trial before it can impose a default." Hoxworth, 980 F.2d at 922. Instead, "where both parties' positions appear reasonable from the pleadings, the issue of meritoriousness is neutral and non-dispositive. Days Inn, 2012 WL 715252, at *6 (citing Hoxworth, 980 F.2d at 22).

At best, the issue of meritoriousness appears to be neutral and non-dispositive. The defendants' Answer asserts that this Court lacks personal jurisdiction, but the defendants consented to this Court's jurisdiction in the Franchise Agreement. See Fenimore Decl. Ex. A (Franchise Agreement), at § 17.6.3. As to the plaintiff's breach of the Franchise Agreement and the defendants' counterclaim of wrongful termination, both sides allege that the other breached the agreement first. The plaintiff alleges that the defendants terminated the agreement and ceased operating the hotel under the franchise brand name. Compl. ¶¶ 24–25. In contrast, the defendants allege that the plaintiff wrongfully terminated them and they ceased operating under the brand because of this termination. Answer & Counterclaim ¶¶ 13, 16, 18. The Undersigned, however, need not resolve these because the Court need not "have a mini-trial before it can impose a default." Hoxworth, 980 F.2d at 922. Accordingly, this factor is neutral and non-dispositive.

### 7. Summary

Striking the Answer and Counterclaim and granting default judgment is a "drastic" sanction reserved for "extreme" cases. Poulis, 747 F.2d at 867–68. The record before the Court, however, demonstrates that the defendants initially appeared and filed an Answer and Counterclaim in this case, but thereafter repeatedly failed to participate in the formation of a joint discovery plan, failed to appear at a pretrial schedule conference, and failed to produce discovery, despite myriad opportunities to do so. The defendants' conduct has stalled this entire litigation for months. Accordingly, the Undersigned finds that it is appropriate to strike defendants' Answer and Counterclaims, and to enter default judgment for plaintiff.

### B. Determination of Damages

Federal Rule of Civil Procedure 55 governs default and default judgments. One of the consequences of default judgment is that a court will take a complaint's factual allegations as true with the exception of allegations relating to damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Whether a court must hold a hearing on damages depends on the damages sought. See id.; Fed. R. Civ. P. 55(b). If the damages are for a "sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), then a court need not hold a hearing on damages. Cf. Comdyne, 908 F.2d at 1149; accord Gowan v. Continental Airlines, Inc., Civ. No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012); First Franklin, 2010 WL 4923341, at *7; Ramada, 2008 WL 163641, at *6. "A claim for damages is not a 'sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default.'" Super 8 Motels, Inc v. Kumar, Civ. No. 06-5231, 2008 WL 878426, at *4 (D.N.J. Apr. 1, 2008) (quoting KPS Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 (1st

Cir. 2003)). Some situations where damages might be for a sum certain "'include actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof.'" Super 8 Motels, 2008 WL 878426, at *4 (quoting KPS Assoc., 318 F.3d at 19–20). Where the damages are not certain, "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to. . . (B) determine the amount of damages." Fed. R. Civ. P. 55(b)(2); accord Comdyne, 908 F.2d at 1149.

Here, the plaintiffs seeks damages stemming from provisions in the Franchise Agreement, namely, (1) unpaid recurring fees (plus prejudgment interest), (2) liquidated damages (plus prejudgment interest), and (3) attorney's fees and costs. Fenimore Decl. ¶¶ 21–23, Aug. 9, 2012, ECF No. 26-2. The Undersigned will consider each in turn.

### 1. Recurring Fees

The Franchise Agreement required the defendants to pay "recurring fees," that is, certain periodic payments to the plaintiff for "royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees . . . ." Id. ¶ 5. The Franchise Agreement provides that the defendants must also pay interest at a rate of 1.5% per month for any amounts past due under the recurring fees and for any liquidated damages. See Fenimore Decl. ¶¶ 6, 10, 21–22.[3] The plaintiffs assert through a declaration and attached account statements that the total

---

[3] The Supreme Court of New Jersey has explained that "[i]n awarding prejudgment interest, the basic consideration is that the defendant has had the use, and the plaintiff has not, of the amount in question." County of Essex v. First Union Nat'l Bank, 186 N.J. 46, 61 (2006). Moreover, courts in this district have awarded prejudgment interest in the absence of any contractual provisions to indemnify the claimant for the loss of money due had payment not been delayed. Travelodge, 2012 WL 2341466, at *6 (quoting Cooper Distrib. Co. v. Amana Refrigeration, Inc., 63 F.3d 262, 284 (3d Cir. 1995). Courts in this district have regularly awarded prejudgment interest on recurring fees as well as liquidated damages. Travelodge, 2012 WL 2341466, at *6 (collecting cases). Moreover, courts in this district have awarded it under similar circumstances and at a similar rate. See, e.g., 5

amount of recurring fees plus interest is $82,410.15.  Id. ¶ 21, Ex. E.  In this district, courts have regularly found that recurring fees are damages for a sum certain because they can be calculated using formulas in the franchise agreement.  See, e.g., Travelodge Hotels, Inc. v. Meridian Global Investments, LP, Civ. No. 11-2599, 2012 WL 2341466, 5–7 (D.N.J. June 12, 2012); Days Inns Worldwide, Inc. v. 5 Star, Inc., Civ. No. 09-1009, 2012 WL 1232340, at *6 (D.N.J. Apr. 11, 2012); Days Inns Worldwide, Inc. v. Platinum Hospitality Group, LLC, Civ. No. 10-6454, 2012 WL 117118, at *2–3 (D.N.J. Jan. 13, 2012); Super 8 Motels, 2008 WL 878426, at *4–6; Ramada, 2008 WL 163641, at *5.  Accordingly, the Undersigned finds that the Court need not hold an evidentiary hearing on the recurring fees and recommends that the Court grant default judgment for the requested amount of recurring fees plus interest.

### 2. Liquidated Damages

The Franchise Agreements also penalizes the defendants for premature termination of the agreement in the amount of "1,000 multiplied by the number of authorized guest rooms," which is asserted to be eighty-two, plus an additional amount of liquidated damages pursuant to an addendum to the agreement.  Fenimore Decl. ¶¶ 3, 11, 15.  Similar to above, the plaintiffs also seek prejudgment interest on the liquidated damages.  Id. ¶ 22.  The plaintiffs assert that the liquidated damages are (a) $82,000 under the Franchise Agreement, (b) $3,150.27 under the addendum, and (c) $26,705.64 in prejudgment interest for a total amount of $111,855.91.  See id. ¶ 22.  Under New Jersey law, reasonable liquidated damages are enforceable.  See MetLife

---

Star, 2012 WL 1232340, at *6; Ramada Worldwide, Inc. v. Rip Management Group Corp., Civ. No. 04-1540, 2009 WL 1810733, at *11 (D.N.J. June 25, 2009); Super 8 Motels, 2008 WL 878426, at *6.  Accordingly, the Undersigned finds it appropriate to award prejudgment interest at the rate requested.

Capital Fin. Corp. v. Washington Ave. Assocs. L.P., 159 N.J. 484 (N.J.1999).  Moreover, courts in this district have regularly found that liquidated damages are calculable as sums certain since they can be calculated by using an agreement.  See, e.g., Travelodge, 2012 WL 2341466, at *6; 5 Star, 2012 WL 1232340, at *6; Platinum Hospitality Group, 2012 WL 117118, at *2–3; Super 8 Motels, 2008 WL 878426, at *4; Ramada, 2008 WL 163641, at *5.  Accordingly, the Undersigned finds that the Court need not hold an evidentiary hearing on liquidated damages and recommends that the Court grant default judgment for the requested amount of liquidated damages plus interest.

### 3.     Attorney's Fees and Costs

Lastly, plaintiff asserts that it is "entitled to collect reasonable attorneys' fees and costs incurred in connection with legal proceedings instituted to recover monies due and owing under the Franchise Agreement."  Fenimore Decl. ¶ 23.  Plaintiff seeks $9,042.00 in attorneys' fees and $834.62 in costs.   Declaration of Jesse C. Ehnert, ECF No. 26-3, ¶¶19-21 ("Ehnert Decl.").

As courts in this district have noted, "[u]nder New Jersey law, parties may contract to shift the fees and costs in the event of litigation between them."  Rip Management Group, 2009 WL 1810733, at *11 (citing N. Bergen Rex Transport, Inc., v. Trailer Leasing Co., 158 N.J. 561, 569–70 (1999)); accord Travelodge, 2012 WL 2341466, at *6; 5 Star, 2012 WL 1232340, at *6.

In this case, the parties agreed in Section 17.4 of the Franchise Agreement that the losing party would pay reasonable attorney's fees incurred by the prevailing party to enforce any provision of the Franchise Agreement.  Franchise Agreement, Exh. A to Fenimore Decl., ECF No. 26-2, § 17.4.  In the Guaranty of defendants' obligations under the Franchise Agreement, defendants agreed to pay plaintiff's costs, including attorneys' fees, that plaintiff incurred in

enforcing its rights under either the Franchise Agreement or Guaranty.  Id. Exh. C (Guaranty Agreement).  Therefore, the Court concludes that plaintiff is the prevailing party under Section 17.4 of the Franchise Agreement, and that the costs it incurred were to enforce its rights under the Guaranty.  Therefore, plaintiff is entitled to recover reasonable attorneys' fees and costs expended in litigating this matter.

Plaintiff asserts that it has expended $9,042.00 in attorneys' fees and $834.62 in costs.  Ehnert Decl. ¶¶19-21.  The Court has reviewed the plaintiff's application for fees and costs, including the Declaration of Jesse C. Ehnert, exhibits attached thereto, and conducted an *ex parte* review of the invoices for fees and costs.[4]  Based on this review, the Court finds the amounts sought for fees and costs to be reasonable.   In the process of bringing suit, plaintiff's counsel had to review documents including the Franchise Agreement and Guaranty, draft the complaint, ascertaining the identities and locations of the defendants, and complete service of process.  Ehnert Decl. ¶20.  Plaintiffs also had to respond to defendants' counterclaim, draft several letters to defendants at the Court's direction because of defendants' failure to respond, prepare the Joint Discovery Plan, and prepare the instant motion.  Id.  In terms of costs, plaintiff incurred filing fees, reproduction costs, and costs for service of process and courier usage.  The billing rates and total amounts sought by plaintiff for attorneys' fees and costs are reasonable under the circumstances.

---

[4] Plaintiff submitted the invoices for fees and costs to the Court on an *ex parte* basis to avoid disclosure of attorney-client protected communications.

**IV.  CONCLUSION**

For the reasons set forth above, the Undersigned respectfully recommends that the motion to strike the Answer and Counterclaim and to enter Default Judgment be granted. The Undersigned further recommends that the Court enter Default Judgment against the defendants for recurring fees plus interest ($82,410.15), liquidated damages plus interest ($111,855.91), and attorneys' fees and costs ($9,876.62), for a total amount of $204,142.68.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Date:   December 14, 2012